**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dick Dyer & Associates, Inc., Appellant,

v.

Moore's Cars, LLC, Respondent.

Appellate Case No. 2016-002466

---

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-452
Submitted October 1, 2017 – Filed December 6, 2017

---

**REMANDED**

---

Joseph Gregory Studemeyer, of J. Gregory Studemeyer Professional Corporation, of Columbia, for Appellant.

Charlie James Blake, Jr., of Florence, for Respondent.

---

**PER CURIAM:** Dick Dyer & Associates, Inc. appeals the circuit court's award of $8,000 in attorney's fees in its favor against Moore's Cars, LLC. On appeal, Dick Dyer argues the circuit court erred by failing to apply a lodestar analysis in determining a reasonable award of attorney's fees. We remand[1] this case to the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

circuit court to make specific factual findings setting forth the basis for its award of reasonable attorney's fees.

"A statutory award of attorney['s] fees is typically authorized under what is known as a fee-shifting statute, which permits a prevailing party to recover attorney['s] fees from the losing party." *Layman v. State*, 376 S.C. 434, 452, 658 S.E.2d 320, 329 (2008). The Regulation of Manufacturers, Distributors, and Dealers Act (Dealers Act) allows a successful plaintiff to recover reasonable attorney's fees and costs. S.C. Code Ann. § 56-15-110(1) (2017) ("[A]ny person who shall be injured in his business or property by reason of anything forbidden in this chapter may sue therefor in the court of common pleas and shall recover double the actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee."). "The decision to award or deny attorney['s] fees under a state statute will not be disturbed on appeal absent an abuse of discretion." *Kiriakides v. Sch. Dist. of Greenville Cty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009). "An abuse of discretion occurs when the conclusions of the [circuit] court are either controlled by an error of law or are based on unsupported factual conclusions." *Layman*, 376 S.C. at 444, 658 S.E.2d at 325.

"[C]ourts generally hold that a 'lodestar' approach reflecting the amount of attorney time reasonably expended on the litigation results in a reasonable fee under a fee-shifting statute." *Id.* at 452, 658 S.E.2d at 330; *see also Maybank v. BB&T Corp.*, 416 S.C. 541, 580-81, 787 S.E.2d 498, 518-19 (2016) (affirming the circuit court's use of a lodestar analysis to calculate a reasonable attorney's fee awarded under the South Carolina Unfair Trade Practices Act). "A lodestar figure is designed to reflect the reasonable time and effort involved in litigating a case, and is calculated by multiplying a reasonable hourly rate by the reasonable time expended." *Layman*, 376 S.C. at 457, 658 S.E.2d at 332. "In determining the reasonable time and hourly rate for attorney['s] fees, the [c]ourt looks to the factors set forth in *Jackson v. Speed*, which include the nature, extent, and difficulty of the case; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the beneficial results obtained; and the customary legal fees for similar services." *Maybank*, 416 S.C. at 581, 787 S.E.2d at 518-19 (citing *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997)). "Our case law and court rules make clear that when a contract or statute authorizes an award of attorney's fees, the [circuit] court must make specific findings of fact on the record for each of the required factors to be considered." *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998).

In this case, Dick Dyer submitted an affidavit for $30,882.50 in attorney's fees and $843.65 in costs under the Dealers Act. In its order, the circuit court found that despite a limited number of witnesses and a relatively brief bench trial, the case was difficult, and involved the doctrine of apparent authority, the Dealers Act, and U.S. Customs laws and regulations. The circuit court also determined the time spent by counsel was necessarily devoted to the case. The circuit court stated counsel for Dick Dyer enjoyed excellent professional standing. Finally, the circuit court found Dick Dyer obtained beneficial results in the dispute and the rate charged by its counsel of $275 was reasonable and customary. However, despite these favorable findings, the circuit court reduced the requested award of $30,882.50 to $8,000. The circuit court's order does not set forth any findings explaining the decreased award of $8,000 in attorney's fees. Thus, we remand this case to the circuit court to make specific factual findings setting forth the basis for its award of reasonable attorney's fees.

**REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**